Opinion issued April 29, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00661-CV

———————————

Harris County Appraisal District, Appellant

V.

KMI YORKTOWN
LP, Appellee



 



 

On Appeal from the 151st District Court 

Harris County, Texas



Trial Court Case No. 2008-60796

 



MEMORANDUM OPINION

Harris County Appraisal District
[“HCAD”] brings this appeal from the trial court’s order denying its plea to
the jurisdiction. In its plea, HCAD contended KMI Yorktown, LLC [“KMI
Yorktown”] had no standing to seek judicial review of HCAD’s resolution of an
ad valorem tax protest because KMI Yorktown was not the property owner for that
tax year. We reverse and render.

BACKGROUND

The property at issue is located on Highway
6 North in Houston. KMI Yorktown sold the property to KM-Timbercreek, LC [“Timbercreek”]
by special warranty deed on November 1, 2006. Therefore, according to the record, Timbercreek was the
legal owner of the property on January 1, 2008. Nevertheless, KMI Yorktown, but
not Timbercreek, filed a notice of protest with HCAD’s Appraisal Review Board
concerning the 2008 tax assessment for this property. On August 22, 2008, the chairman of the Appraisal Review Board signed an
Order Determining Protest and ordering a reduction in the appraised value of
the property. Timbercreek did not pursue a protest as the owner of the
property.

KMI Yorktown filed an original petition
for judicial review on August 29, 2007, “as the property owner,” challenging
the Appraisal Review Board’s determination. KMI Yorktown continued to assert
that it owned the property. On May 20, 2009, HCAD filed a plea to the
jurisdiction, arguing that (1) KMI Yorktown was not the owner of the property
as of January 1, 2008, (2) only the property owner had standing to appeal from
the Appraisal Review Board’s order, and, therefore, (3) the trial court lacked
subject-matter jurisdiction. HCAD attached a copy of the special warranty deed
to its plea.

On May 29, 2009, KMI Yorktown filed a response to HCAD’s
plea to the jurisdiction and a motion to substitute Timbercreek as the
plaintiff pursuant to Rule 28 of the Texas Rules of Civil Procedure.  On that same date, KMI Yorktown also filed a
second amended original petition adding Timbercreek as a plaintiff in the suit
for judicial review.  KMI Yorktown’s
response also alleged that it was “permitted and authorized to change the name
of a party [to the suit for judicial review] pursuant to the provisions of
Section 42.21(e) of the Property Tax Code.”

On July 2, 2009, the trial court denied
HCAD’s plea to the jurisdiction.  The
trial court also denied KMI Yorktown’s Rule 28 motion to substitute Timbercreek
as the plaintiff.  Despite a holding from
this Court to the contrary, the trial court held that Section 42.21(e) of the
Tax Code permits “a different party to be substituted in by amendment” even
after the jurisdictional deadline for filing the suit has passed.  In so holding, the trial court stated as
follows:

The Court is aware that in Koll Bren Fun [sic] VI, LP v. Harris County
Appraisal District, No., 01-07-00321, 2008 WL 525799 (Tex. App.—Houston
[1st Dist.], February 28, 2008, pet. denied), the appellate court interprets
section 42.21(e) differently, and imposes upon it a further requirement of
standing based on the identity of the party who pursued the administrative
appeal.  The statute does not talk about
this, though.  The Koll Bren court’s interpretation of section 42.21(e) likewise
nullifies it.  This Court believes Koll Bren was decided incorrectly, and without
deference to the plain working of the statute.

 

 

 

 

STANDARD OF REVIEW

          Standing
is a component of subject-matter jurisdiction that cannot be waived. Bland
Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 553-54 (Tex. 2000).  If a party has no standing, a trial court has
no subject-matter jurisdiction to hear the case. Id. If a jurisdiction
defect cannot be cured by an amendment, a party may file a plea to the
jurisdiction, and, if the trial court finds the plea meritorious, it may grant
it without allowing the plaintiff an opportunity to amend.  See
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.  2002).  A defendant may prevail on a plea to the
jurisdiction by demonstrating that, even if all of the plaintiff’s pleaded
allegations are true, an incurable jurisdictional defect remains on the face of
the pleadings that deprives the trial court of subject-matter jurisdiction. Harris
County Appraisal Dist. v. O’Connor & Assocs., 267 S.W.3d 413, 416 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  A trial court decides a plea to the
jurisdiction by reviewing the pleadings as well as any evidence relevant to the
jurisdictional inquiry.  Blue, 34 S.W. 3d at 555.  We review a trial court’s ruling on a plea to
the jurisdiction de novo, construing the pleadings liberally in favor of the
plaintiff while considering the pleader’s intent.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226, 228 (Tex.
2004).   In a review of a plea to the
jurisdiction, we cannot examine the merits of the case. See Houston Indep.
Sch. Dist. v. 1615 Corp., 217 S.W.3d 631, 635 (Tex. App.—Houston [14th
Dist.] 2006, pet. denied) (op. on reh’g).

JURISDICTION OVER SUIT FOR JUDICIAL REVIEW

In a single issue, HCAD asserts that the trial court erred
in denying its plea to the jurisdiction. Specifically, HCAD contends the trial
court lacked jurisdiction because, although KMI Yorktown timely filed a
petition for judicial review following the Review Board’s order, Timbercreek,
not  KMI Yorktown, was the property owner
at the relevant time. HCAD also argues that KMI Yorktown could not amend his
petition to include Timbercreek pursuant to section 42.21(e)(1) of the Tax Code
or Texas Rule of Civil Procedure 28.

Standing 

This Court and the
Fourteenth Court of Appeals have repeatedly addressed these jurisdictional
issues.  See Woodway Drive, LLC v. Harris County Appraisal Dist., No.
14-09-00340-CV, 2010 WL 1372702 (Tex. App.—Houston 14th Dist.] April 8, 2010,
no pet. h.) (memo op.); See Woodway
Drive, LLC v. Harris County Appraisal Dist., No. 14-09-00524-CV, 2010 WL 724174
(Tex. App.—Houston 14th Dist.] March 4, 2010, no pet.) (memo op.); Scott Plaza Assocs., Ltd. v. Harris County
Appraisal Dist., No 14-09-00707-CV, 2010 WL 724189 (Tex. App.—Houston [14th
Dist.] March 4, 2010, no pet.) (memo op.); SWP Remic Props. II, LP  v. Harris County Appraisal Dist., No. 14-08-00425-CV, 2010 WL 26524 (Tex.
App.—Houston [14th Dist] Jan. 7. 2010, no pet.) (memo op.); CL Louetta
Village Square, LP v. Harris County Appraisal Dist., No. 14-08-00549-CV, 2009
WL 4913259 (Tex. App.—Houston [14th Dist.] Dec. 22, 2009, no pet.) (memo op.); Skylane
West, Ltd. v. Harris County Appraisal Dist., No. 14-08-00507-CV, 2009 WL
4913256 (Tex. App—Houston [14th Dist.] Dec. 22, 2009, no pet.) (memo op.);
KM-Timbercreek, LLC v. Harris County Appraisal Dist., No. 01-08-00689-CV, 2009 WL 3321332 (Tex.
App.—Houston [1st Dist.] Oct. 15, 2009, no pet.); Mei Hsu Acquisition Corp.
v. Harris County Appraisal Dist., No. 01-08-00690-CV, 2009 WL 3152152 (Tex.
App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (memo op.); BACM 2002 PB2 Westpark Dr., LP v. Harris
County Appraisal Dist., No. 14-08-00493-CV, 2009 WL 2145922 (Tex.
App.—Houston [14th Dist.] June 21, 2009, no pet.) (memo op.); Koll Bren Fund, VI, LP v. Harris County
Appraisal District, No. 01-07-00321-CV, 2008 WL 525799 (Tex. App.—Houston
[1st Dist.] February 28, 2008, pet. denied) (memo op.).  We decline the trial
court’s invitation to overrule these cases, and we reach the same outcome here
in holding that KMI Yorktown lacked standing to prosecute Timbercreek’s tax
protest.



For a party to be entitled to judicial
review, the party must be the record legal owner of the property and must
protest the initial valuation to the appraisal review board. Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3. Section
42.21(a) of the Tax Code requires a party who appeals as provided by Chapter 42
of the Tax Code to timely file a petition for review with the district court.
Failure to timely file a petition bars any appeal under the chapter. Tex. Tax Code Ann. § 42.21(a) (Vernon
Supp. 2009).[1]  Section 42.01 of
the Tax Code specifies that a “property owner is entitled to appeal . . .
an order of the appraisal review board determining . . . a protest by the property
owner” as provided by sections 41.41 et seq. of the Tax Code.  Id. § 42.01(1)(A) (emphasis added)
(Vernon 2008). Alternatively, a property owner may designate a lessee or an
agent to act on the property owner’s behalf for any purpose under the Tax Code,
including filing a tax protest.  Id.
§§ 1.111 (Vernon 2008) (authorizing a designated lessee or agent to act for a
property owner), 41.413(b) (Vernon 2008) (authorizing a lessee to protest for
the property owner in certain circumstances).

Therefore, to qualify
as a “party who appeals” by seeking judicial review of an Appraisal-Review Board’s
tax determination under section 42.21(a), KMI Yorktown had to be an owner of
the property, a designated agent of the owner, or the authorized lessee of the
property under the circumstances stated in section 41.413.  See Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3.  A party who does not meet one of the above
criteria lacks standing under the Tax Code.  Timbercreek, 2009 WL 3321332, at *3; Koll
Bren, 2008 WL 525799, at *3.  If the
litigant lacks standing, the trial court is deprived of subject-matter
jurisdiction to consider a suit for judicial review based on an ad valorem tax
protest.  Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3.  

Here, KMI Yorktown did not own the property as of January 1,
2008.  KMI Yorktown did not claim rights
to protest under the Tax Code as either a lessee or an agent. Therefore, KMI
Yorktown lacked standing to pursue judicial review as a “party who appeals”
under section 42.21(a). The record does not reflect that Timbercreek pursued
its right of protest as the actual property owner. According to the record, Timbercreek
was not named as a party until May 29, 2009, when KMI Yorktown filed a second
amended original petition. Therefore, the Appraisal Review Board had not
determined a protest by the actual property owner, Timbercreek, upon which Timbercreek
could premise a right to appeal as the property owner.  See Tex.
Tax Code Ann. §§ 42.01(1)(A), 42.21(a); Timbercreek, 2009 WL 3321332,
at *4.

 

 

Application of
Section 42.21(e)(1)

HCAD also argues that the trial court had no jurisdiction
because section 42.21(e)(1) does not allow an amendment to substitute the
correct plaintiff after the 45-day period for filing suit has passed.  We agree for the reasons stated in Koll Bren and Timbercreek.

Section 42.21(e) specifies that only petitions that are
“timely filed under Subsection (a)” may later be amended to correct or to change
a party’s name. See Tex. Tax Code Ann. 42.21(e)(1) (Vernon
2008).  To seek judicial review under
Subsection (a), the plaintiff must be a “party who appeals as provided by
[Chapter 42],” meaning the plaintiff must be the property owner, a properly
designated agent, or a lessee. Id. § 42.21(a); see also id. §§
1.111, 41.413(b).

KMI Yorktown timely filed a petition for review; however, KMI
Yorktown did not own the property on January 1, 2008, and thus lacked standing
to seek judicial review. See Timbercreek, 2009 WL 3321332, at *5. Appellants’ argument that subsection
42.21(e)(1) operates to allow KMI Yorktown to correct or to change the party’s
name presupposes that Timbercreek was a proper party entitled to seek judicial
review.  Id.  However, Timbercreek did not pursue its right
of protest as the property owner. When no proper party timely appealed to the
district court, the trial court did not acquire subject-matter jurisdiction,
and the Appraisal Review Board’s determination became final.  See id.



KMI Yorktown contends that the suit
encompassed Timbercreek, the record legal owner of the property, as a
plaintiff. Again, this contention presupposes that Timbercreek was a proper
party to seek judicial review under Chapter 42.  See Tex.
Tax Code Ann. § 42.01(1)(A); Timbercreek,
2009 WL 3321332, at *5; BACM, 2009 WL 2145922, at *5.  Timbercreek did not pursue its administrative
remedies by protesting the valuation of the property before the Appraisal Review
Board and, thus, it failed to satisfy the jurisdictional requirements to seek
judicial review.  Timbercreek, 2009 WL 3321332, at *5; BACM, 2009 WL 2145922,
at *5.

Application
of Texas Rule of Civil Procedure 28

Lastly, KMI Yorktown contends
that the trial court erred in overruling its Rule 28 motion.[2]  It argues the trial court had jurisdiction to
hear the case because Texas Rule of Civil Procedure 28, which governs suits by
or against entities doing business under an assumed name, permits substitution
of Timbercreek as KMI Yorktown’s “true name.”  Rule 28 states:

Any partnership, unincorporated
association, private corporation, or individual doing business under an assumed
name may sue or be sued in its partnership, assumed or common name for the
purpose of enforcing for or against it a substantive right, but on a motion by
any party or on the court’s own motion the true name may be substituted.

 

Tex. R. Civ. P. 28.  KMI Yorktown contends the name KMI Yorktown is
the “common name” for the “true name” Timbercreek.

In this case, KMI Yorktown attempted to substitute Timbercreek
by filing a motion and an amended petition arguing that Rule 28 permitted the
substitution.  For a party to take
advantage of Rule 28 and to sue in its common name, “there must be a showing
that the named entity is in fact doing business under that common name.” Timbercreek, 2009 WL 3321332, at *6; Seidler
v. Morgan, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied).
Whether an entity does business under an assumed or common name is a question
of fact for the trial court. Sixth RMA Partners, L.P. a/k/a RMA Partners,
L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex.2003); Timbercreek, 2009 WL 3321332, at *6.

KMI Yorktown did not make a showing that Timbercreek was in
fact doing business under the common name KMI Yorktown, nor was there evidence
that the entities, themselves, used the name KMI Yorktown as an assumed or
common name to warrant application of Rule 28. Compare Sixth RMA Partners,
111 S.W.3d at 52 (concluding that evidence supported assumed-name finding when
Sixth RMA presented evidence that RMA Partners, L.P. was used as trade name for
various RMA partnerships, RMA letterhead was used, and payments on notes were
made to RMA) and Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999)
(stating that some evidence supported application of Rule 28 when stationery
and phone-number listing used by one-person professional association contained
name of individual). Although KMI Yorktown cites HCAD’s records,
which reflect KMI Yorktown as the property owner even after the property sale,
HCAD’s records alone are not sufficient to establish that Timbercreek operated
its business under the common name of KMI Yorktown.  See Timbercreek, 2009 WL 3321332, at *7
(stating that only Timbercreek could establish whether it operated its business
under an assumed or common name). There is no evidence that Timbercreek held
itself out as KMI Yorktown or requested HCAD to refer to it as KMI Yorktown in
its records.  See Id.

          Accordingly, we conclude that the trial court did not err in denying KMI
Yorktown’s Rule 28 motion.

CONCLUSION



KMI Yorktown and Timbercreek lacked
standing to bring suit, and therefore the trial court lacked subject-matter
jurisdiction to hear the dispute. Because neither KMI Yorktown nor Timbercreek
was a proper party entitled to judicial review under the Tax Code, section
42.21(e)(1) of the Tax Code did not apply to change the name of the plaintiff.
Likewise, because there was no evidence in the record that Timbercreek was
doing business as KMI Yorktown or that the entities used the name KMI Yorktown
as a common name for Timbercreek, Texas Rule of Civil Procedure 28 could not be
used to substitute Timbercreek for KMI Yorktown. Therefore, the trial court erred
in denying HCAD’s plea to the jurisdiction. We reverse the order denying HCAD’s
plea to the jurisdiction, and we render judgment granting the plea and
dismissing the case for want of jurisdiction.






 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.

 











[1]           We note that the Texas Legislature
amended subsection 42.21(a) effective June 19, 2009, to extend the time to file
a petition for review from 45 days to 60 days after the party receives notice
that a final order has been entered from which an appeal may be had or at any
time after the hearing but before the 60-day deadline. See Act of May
29, 2009, 81st Leg., R.S., ch. 905, §§ 1, 5, 2009 Tex. Gen. Laws 2435, 2435-36
(current version at Tex. Tax Code Ann.
§ 42.21(a) (Vernon Supp. 2009)). These changes to this subsection do not affect
our resolution of this issue.





 





[2]
              We consider this as a cross-point on appeal because
it presents additional, independent grounds for affirming the trial court’s
judgment.  Thus, appellee was not
required to file a notice of appeal to raise this issue.  See
Dean v. Lafayette Place (Section One) Council of Co-Owners, Inc., 999
S.W.2d 814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.)